IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS LYONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 05063 |
| | ) | |
| VILLAGE OF WOODRIDGE, Woodridge Police Officers JAMES GRADY and JANUS as well as OTHER UNKNOWN WOODRIDGE POLICE OFFICERS, and RICHARD O'BRIEN, | ) ) ) ) ) | Judge Ronald Guzman<br><br>Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, VILLAGE OF WOODRIDGE, WOODRIDGE POLICE OFFICERS JAMES GRADY and DONALD JANUS as well as OTHER UNKNOWN WOODRIDGE POLICE OFFICERS, by and through their attorneys, DeANO and SCARRY, LLC and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 hereby move for summary judgment. In support thereof, Defendants state as follows:

1. Plaintiff alleges in his Amended Complaint that the Village of Woodridge ("Village") and the individual Defendant Officers committed the torts of: 1) Unduly suggestive identification procedures resulting in a denial of due process at trial (*Exhibit A,* pars. 26, 31); 2) False testimony at trial (*Exhibit A,* par. 25, 33); 3) False arrest (*Exhibit A,* par. 32); 4) Unspecified Constitutional violations (*Exhibit A*, par. 41); 5) State law claim of malicious prosecution (*Exhibit A,* par. 42); 6) State law claim of intentional infliction of emotional distress (*Exhibit A*, par. 42.); 7) Conspiracy (*Exhibit A*, par. 43); 8) *Monell* claim against the Village and 9) *Brady* violations. (*Exhibit A,* pars. 24, 27, 28, 30).

2. Plaintiff was arrested for the sexual assault on Ms. Auten in 1987, in part, following his identification from a composite generated by a City of Naperville officer from Ms. Auten's description by two independent witnesses, his identification by Ms. Auten from a photo line-up, his identification by Ms. Auten from a live line-up, his conflicting stories given to a prosecutor and his failure of a lie detector test.

4. The individual Officers are entitled to summary judgment on Plaintiff's claims of false arrest based on probable cause to arrest and also qualified immunity based on the presence of probable cause.

5. The individual Officers are entitled to summary judgment on Plaintiff's claim of unduly suggestive identification procedures resulting in a denial of due process at trial. The identification procedures used by the officers were not suggestive and Ms. Auten confidently and consistently identified Plaintiff as her attacker both before and at time of trial.

6. The individual Officers are entitled to summary judgment on Plaintiff's claim false testimony at trial. Of the named Defendants, only Det. Grady testified at trial and is entitled to immunity for his testimony.

7. The individual Officers are entitled to summary judgment on Plaintiff's claim of *Brady* violations. All evidence collected by the officers was made known to the prosecutors and defense counsel at or before the time of Plaintiff's criminal trial.

8. The individual Officers are entitled to summary judgment on Plaintiff's claim of malicious prosecution because probable cause existed for his arrest.

9. The Village of Woodridge is entitled to summary judgment on Plaintiff's *Monell* claim against the Village. There is no evidence whatsoever of any municipal policy or custom to pursue wrongful convictions through flawed investigations.

10. The individual Officers are entitled to summary judgment on Plaintiff's claim of conspiracy as there is no evidence of any conspiracy among any of the police officers against Plaintiff.

11. The individual Officers are entitled to summary judgment on Plaintiff's state law claim of intentional infliction of emotional distress as Plaintiff's arrest and prosecution was based on probable cause and the consistent identifications of Ms. Auten of Plaintiff as her attacker.

12. There are no genuine questions of material fact, and therefore, summary judgment in favor of Defendants and against Plaintiff is proper.

13. Defendants' supporting legal brief is filed herewith.

WHEREFORE, Defendants, VILLAGE OF WOODRIDGE, WOODRIDGE POLICE OFFICERS JAMES GRADY and DONALD JANUS as well as OTHER UNKNOWN WOODRIDGE POLICE OFFICERS, respectfully request that summary judgment be entered in their favor and this matter be dismissed with prejudice.

Respectfully submitted,

DeANO & SCARRY, LLC

By: s/Howard P. Levine
Attorney for Defendants

James L. DeAno (6180161)
Howard P. Levine (6197286)
DeANO & SCARRY, LLC
2100 Manchester Road, Suite A-101
Wheaton, IL 60187
(630) 690-2800
(630) 690-2853 (FAX)

S:\Case Files\12158.Lyons\12158.Motions and Orders\12158.MSJ\12158.msj.2010.07.31.doc